# United States District Court
# for the Southern District of Georgia
## Augusta Division
FILED U.S. DISTRICT COURT BRUNSWICK DIV. 2008 FEB 12 PM 2:37 CLERK_____ SO. DIST. OF GA.

| | | |
|---|---|---|
| SMYRNA PLUMBING CO., INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| MDH BUILDERS, INC., | : | |
| Defendant. | : | NO. 107CV126 (AAA) |

## O R D E R

Plaintiff, Smyrna Plumbing Co., Inc. ("Smyrna Plumbing"), originally filed this action in the State Court of Richmond County, Georgia, against Defendant, MDH Builders, Inc. ("MDH"), alleging breach of contract. Defendant timely filed a notice of removal based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Presently before the Court is Plaintiff's motion to remand this case to the Richmond County State Court. The Court heard oral argument on the motion on January 23, 2008. Because the Court concludes that MDH expressly waived its right to remove this action, Smyrna Plumbing's motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

## BACKGROUND

This action arises out of agreements executed by MDH, the general contractor, and Smyrna Plumbing, MDH's plumbing subcontractor, for work performed on two hotel construction projects in Augusta, Georgia (the "Agreements"). Smyrna Plumbing filed this action to recover amounts allegedly due for work performed under the terms of the Agreements. MDH counterclaimed to recover damages MDH alleges it incurred as a result of Smyrna's delay on the projects. Smyrna Plumbing filed the action in the State Court of Richmond County, Georgia, and MDH filed its notice of removal.

On October 18, 2007, Smyrna Plumbing filed the instant motion to remand. Smyrna Plumbing argues that the Agreements include forum selection clauses specifying the state courts in Richmond County as the exclusive litigation forum, and that MDH has expressly waived any jurisdictional or venue rights it may have. In its opposition, MDH argues that the forum selection provisions are permissive, rather than mandatory, and do not make Richmond County state courts the exclusive litigation forum. MDH further argues that it has not expressly waived its removal rights.

2

## DISCUSSION

In the context of removal based solely on diversity jurisdiction, the Eleventh Circuit has rejected the "clear and unequivocable" standard. Snapper, Inc. v. Redan, 171 F.3d 1249, 1261 (11th Cir. 1999). Instead, the court held that ordinary contract principles govern a contractual waiver of the right to removal. Id.; see also Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004).

The relevant language in the Agreements between MDH and Smyrna Plumbing, Article 28, entitled "Applicable Law, Venue and Jurisdiction," provides:

> Furthermore, the parties consent to venue in, and the exercise of jurisdiction by, the state courts located in Richmond County, Georgia and waive any jurisdictional or venue rights they may have otherwise.

(See Pl.'s Mot. to Remand Ex. A & Ex. B, August 7, 2006 and July 13, 2006 Agreements.) Smyrna Plumbing argues that this action should be remanded because the forum selection clause makes the state courts of Richmond County, Georgia, the exclusive litigation forum for the claims alleged in this action. MDH argues that the Agreement provisions at issue are permissive, rather than mandatory, and do not

3

make Richmond County state courts the exclusive litigation forum. MDH further argues that it has not waived its right to removal.

Courts frequently designate forum selection clauses as either permissive or mandatory. Global Satellite Commc'n Co., 378 F.3d at 1272. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" Id. (quoting Snapper, Inc., 171 F.3d at 1262 n.24).

The Court is inclined to agree with MDH that the Agreement provisions, wherein "the parties consent to venue in, and the exercise of jurisdiction by, the state courts located in Richmond County, Georgia," is permissive. See Stateline Power Corp. v. Kremer, 148 Fed. Appx. 770, 771-72 (11th Cir. 2005) (unpublished opinion) (contract clause in which parties "consent to the jurisdiction of the courts of the State of Florida" found to be permissive). However, classification of the forum selection provision is not decisive in the instant analysis.

The Eleventh Circuit has rejected the "simplistic

4

proposition that permissive forum selection clauses are per se unenforceable." Snapper, 171 F.3d at 1262 n.24. In Snapper, the Eleventh Circuit recognized that forum selection clauses may be considered permissive in that they specifically allow the plaintiff to select a forum, while at the same time the waiver provision is considered mandatory in that the courts require the defendant to absolutely submit to the forum selected by plaintiff. Id. Thus, even were the Court to classify the parties' "consent to venue in, and the exercise of jurisdiction by, the state courts located in Richmond County, Georgia" in the instant case as permissive, MDH may have expressly waived its right to remove the action to federal court after the action was filed in the State Court of Richmond County.

MDH relies on the Eleventh Circuit's decision in Global Satellite to support its assertion that the waiver does not include MDH's statutory right of removal. The clause at issue in Global Satellite stated:

> The parties to this agreement herein expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida.

Global Satellite, 378 F.3d at 1271. The Eleventh Circuit

5

concluded that "[t]he express waiver [wa]s clearly limited to issues regarding venue or in personam jurisdiction, and does not encompass the statutory right to remove." Id. at 1273 (emphasis added). In rendering its decision, the court distinguished this language from "the broader provision in Snapper, whereby the signatory, by 'expressly waiving whatever rights may correspond to it by reason of its present or future domicile.'" Id. (quoting Snapper, 171 F.3d at 1260).

The Court finds that the waiver provisions at issue in the instant action are much broader than the provision in Global Satellite. The Agreements provide that the parties "waive any jurisdictional or venue rights they may have otherwise." Thus, MDH waived more than merely in personam jurisdiction as in Global Satellite, but any jurisdictional rights. The Eleventh Circuit has stated that "removal jurisdiction is 'a species' of subject matter jurisdiction[.]" Cogdell v. Wyeth, 366 F.3d 1245, 1247 (11th Cir. 2004) (citing Ariail Drug Co. v. Recomm Int'l Display, Inc., 122 F.3d 930, 933 (11th Cir. 1997), reh'g & reh'g en banc denied, 138 F.3d 960 (1998)). Therefore, the Court concludes that MDH has expressly waived its right to remove this action to federal court.

AO 72A
(Rev. 8/82)

CONCLUSION

The Court has carefully considered the parties' submitted briefs and oral arguments. For the reasons set forth above, Plaintiff's motion to remand this action to the State Court of Richmond County, Georgia (Doc. No. 6), is **GRANTED**.

**SO ORDERED**, this 12th day of February, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)